# UNITED STATES DISTRICT COURT
# IN AND FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 3:13-cv-01199 |
| vs. | ) ) | JUDGE NIXON |
| MTD (USA) CORPORATION, ZHEJIANG DINGBO PLUMBING MANUFACTURING CO., LTD., and INTERLINE BRANDS, INC., | ) ) ) ) ) ) | MAGISTRATE JUDGE GRIFFIN |

## INITIAL CASE MANAGEMENT ORDER # 1

The parties, by and through undersigned counsel, and pursuant to LR 16.01 and Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit this Initial Case Management Order:

**I.  Jurisdiction and Venue (LR 16.01(d)(2)a.)**

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 USC § 1332(a) (diversity of citizenship and with an amount in controversy consistent with the jurisdictional requirements of the Court). Defendants MTD (USA) Corporation (hereinafter "MTD") and Interline Brands, Inc. (hereinafter "Interline") do not dispute jurisdiction or the appropriateness of venue in this Court.

**II.  Status of Service of Process and Responsive Pleadings:**

1.  Service of Process:

Defendants MTD and Interline have been served with process. Defendant Zhejiang Dingbo Plumbing Manufacturing Co., LTD (hereinafter referred to as "Dingbo"), has not been served.

2.  Responsive Pleadings:

Defendants MTD and Interline have filed responsive pleadings. Defendant Dingbo has not filed any type of response to the Complaint.

**III.   Theories of the Case and Claims and Defenses (LR 16.01(d)(2)b.)**

1.  Plaintiff's Theory

Plaintiff Bankers Standard Insurance Company brings this subrogation claim to recover payments of $1,236.426.67 made to its insured, Steven Mason, for an August 17, 2012 water loss emanating from a coupling nut in a flexible supply line (bearing the brand name DuraPro™ and part no. MSG No. 231274) to a toilet in the bathroom of the second floor the Mason home located at 1318 Chickering Road, Nashville, TN 37215. Plaintiff has asserted theories of express warranty, implied warranty, negligence, and strict product liability based on the manufacture and sale of a product, a coupling nut, alleged to be defective product in that it was molded in such a way as to cause it to contain voids allowing it to crack under normal use, resulting in a water leak that flooded the home.

2.  Defendant MTD's Theory:

MTD did not manufacture the product in question, although it distributes similar products. MTD may or may not have distributed the subject product. If MTD did in fact

2

distribute the subject product then, more likely than not, the product was manufactured by Dingbo. Any alleged manufacturing defect would have been caused by Dingbo not MTD. Moreover, if the subject product failed, it may have been caused by improper installation by the person/entity identified in the Complaint (Clifton R. Myers of Myers Plumbing, Inc., 2711 Foster Avenue, Nashville, Tennessee 37210) or excessive water pressure within the residence.

3. Defendant Interline's Theory:

Interline does not manufacture any product and thus could not have manufactured the subject product. Interline does, however, sell products similar to the subject product which it obtains from Co-Defendant MTD which in turn are manufactured by other entities, one of which is Co-Defendant Dingbo. Any alleged manufacturing defect was not caused by Interline. Moreover, if the subject product failed, it may have been caused by improper installation by the person/entity identified in the Complaint (Clifton R. Myers of Myers Plumbing, Inc., 2711 Foster Avenue, Nashville, Tennessee 37210) or excessive water pressure within the residence.

**IV.** **Issues in Dispute (as asserted by defendants MTD and Interline):**

1. Whether the subject product was manufactured by Defendant Dingbo;

2. Whether the subject product was sold or distributed by MTD;

3. Whether the subject product was sold or distributed by Interline;

4. Whether the subject product was improperly designed or improperly manufactured;

5. Whether the theories of negligence, strict liability, breach of express warranty, breach of implied warranty and/or strict liability apply to one or more defendants;

6. Whether the subject product was improperly installed thus leading to its failure;

7. Whether the water pressure within the home, which defendants claim violated applicable codes, caused the water damage; and

8. The amount of damages.

## V. Current Status of Case:

No discovery has been submitted by any party. Defendant Dingbo has not been served.

## VI. Schedule of Pretrial Proceedings:

1. Initial Disclosures:

The Plaintiff has already served its Rule 26(a)(l)(A)-(E) disclosures. The defendants shall serve their Rule 26(a)(1) initial disclosures by January 16, 2014.

2. Discovery

All fact discovery shall be completed on or before September 1, 2014. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Juliet Griffin. All discovery-related motions, if necessary, must be filed on or September 8, 2014.

3. Interrogatories:

Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.01 shall be limited to 25 unless leave of Court is first obtained to submit additional interrogatories.

4. Motions to Amend and/or Join Additional Parties:

The deadline for filing motions to amend the pleadings or join parties is October 15, 2014.

5. Disclosure of Experts:

The plaintiff shall identify and disclose all expert witnesses and expert reports, and provide all information specified in Rule 26(a)(2)(B) on or before August 1, 2014. The defendantS shall identify and disclose all expert witnesses and reports, and provide all information specified in Rule 26(a)(2)(B) on or before October 2, 2014.

6. Depositions of Expert Witnesses:

The parties shall depose all expert witnesses on or before January 30, 2015.

7. Dispositive Motions:

All dispositive motions shall be filed on or before January 23, 2015 and any responses thereto shall be filed on or before 28 days after a motion for summary judgment is filed. Any replies shall be filed on or before 14 days thereafter. *Motions and response memoranda are limited to 25 pages and any replies filed must be limited to 10 pages. Longer memoranda are only permitted with permission from the Court.*

## VII. Target Trial Date

As determined at the Case Management Conference on December 16, 2013, the trial date for this action is set for trial beginning June 16, 2015, at 9:00 a.m. The date for the pretrial conference shall be June 5, 2015, at 10:00 a.m.

The parties expect the trial to last approximately 5-6 days.

## VIII. Settlement Conference and/or ADR (LR 16.01(d)(2)j.)

The parties agree to mediate the case with either a magistrate judge or private mediator (as agreed by the parties) by October 1, 2014.

## IX. Summary of the Deadlines

| | |
|---|---|
| January 16, 2014: | Initial disclosures |
| October 15, 2014: | Motions to join additional parties or amend pleadings |
| September 1, 2014: | Close of fact discovery |
| August 1, 2014: | Plaintiff's expert disclosures |
| September 8, 2014: | File all motions regarding fact discovery |
| October 2, 2014: | Defendants' expert disclosures |
| October 1, 2014: | Mediation or settlement conference |
| January 30, 2015: | Depose all expert witnesses |

It is so ORDERED.

Entered this ____ day of December 2013.

JULIET E. GRIFFIN
MAGISTRATE DISTRICT JUDGE

APPROVED FOR ENTRY:

_____
John W. Reis, #24818
Attorney for Plaintiff
COZEN O'CONNOR
One Wells Fargo Center, Suite 2100
301 South College Street
Charlotte, NC 28202
*Attorney for Plaintiff*

_____
James A. Freeman, III #3223
JAMES A. FREEMAN & ASSOCIATES
2804 Columbine Place
Nashville, TN 37204
*Co-counsel for Plaintiff*

_____
Michael A. Geracioti, #11497
Brian Cummings, #19354
Linda A. Nathenson, #16494
LEVINE, ORR & GERACIOTI, PLLC
210 Third Avenue North
P.O. Box 190683
Nashville, Tennessee 37219
*Attorneys for Defendant, Interline Brands, Inc.
and MTD (USA) Corporation*

7

17626851.1