IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY | ) ) ) |
| v. | ) No. 3-13-1199 ) ) |
| MTD (USA) CORPORATION; ZHEJIANG DINGBO PLUMBING MANUFACTURING CO., LTD.; and INTERLINE BRANDS, INC. | ) ) ) ) ) |

CASE MANAGEMENT ORDER # 2

By contemporaneously entered order, the Court has approved and entered the parties' proposed initial case management order, with modifications and insertions addressed at the initial case management conference held on December 16, 2013. Those modifications, insertions and other matters addressed on December 16, 2013, are as follows:

1. The plaintiff has already served initial disclosures in accord with Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2. The defendants shall have until January 16, 2014, to serve Rule 26(a)(1) initial disclosures.

3. Counsel shall convene a telephone conference call with the Court on **Wednesday, May 7, 2014, at 10:00 a.m.**, to address whether defendant Zhejiang Dingbo Plumbing Manufacturing Co., Ltd. has entered an appearance, and, if not, whether it has been served and, if not, when it is anticipated it will be served, what experts the parties anticipate, on what dates expert depositions have been scheduled, the chance of a dispositive motion being filed, whether any additional parties are expected, the impact, if any, on the scheduling deadlines provided in this order and the contemporaneously entered order, and to address any other appropriate matters.

Counsel for defendants MTD and Interline has already provided a call-in number for plaintiff's counsel and the Court.

4. All written discovery shall be propounded no later than July 1, 2014.

5. Any third party subpoenas shall be served no later than August 4, 2014.

6. All fact discovery shall be completed by September 1, 2014.

7. Any discovery motion related to fact discovery shall be filed by September 8, 2014.[1]

8. All motions to amend the pleadings and/or join parties shall be filed by October 15, 2014.

9. The plaintiff shall have until August 1, 2014, to serve all expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

10. The defendants shall have until October 2, 2014, to serve all Rule 26(a)(2) expert disclosures.

11. The plaintiff shall have until November 3, 2014, to serve rebuttal expert disclosures, if necessary.

12. All expert depositions shall be completed by January 30, 2015. The defendants shall take the depositions of the plaintiff's experts by December 31, 2014. As soon as possible, the parties shall reserve dates between November 3, 2014, and January 30, 2015, to take the parties' experts' depositions.

13. Any dispositive motion shall be filed by January 23, 2015. Any response shall be filed within 28 days of the filing of the motion or by February 20, 2015, if the motion is filed on January 23, 2015. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by March 6, 2015, if the response is filed on February 20, 2015.

No other filings in support of or in opposition to any dispositive motion shall be made after March 6, 2015, except with the express permission of the Honorable John T. Nixon.

---

[1] This particular deadline was not addressed on December 16, 2013, but the proposed August 8, 2014, deadline has been extended since the proposed August 1, 2014, deadline for completion of fact discovery was extended to September 1, 2014.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, June 16, 2015, at 9:00 a.m.** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last three (3) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, June 12, 2014, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, June 5, 2015, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By May 8, 2014, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By May 18, 2015, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony and any responses to objections to deposition testimony and proposed exhibits shall be filed by May 29, 2015.

By May 29, 2015, the parties shall also:

1. File a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiff's theory (no more than one page);

(c) a short summary of the defendants' theory (no more than one page each);

(d) a succinct statement of the relief sought;

(e) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;

(f) Any special trial procedural issues;

(g) A summary of any anticipated evidentiary issues;

(h) A statement that counsel have complied with Rule 26(e) of the Federal Rules of Civil Procedure; and

(i) The estimated length of the trial.

2. File pretrial briefs, including:

(a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[2] and

---

[2] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to object. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.