## UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| BANKERS STANDARD INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MTD (USA) CORPORATION, )<br>ZHEJIANG DINGBO PLUMBING )<br>MANUFACTURING CO., LTD., and )<br>INTERLINE BRANDS, INC., )<br>)<br>Defendants. ) | Civil Action No.: 3:13-cv-01199 |

_____

### MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS MTD (USA) CORPORATION AND INTERLINE BRANDS, INC.

Plaintiff, Bankers Standard Insurance Company, by and through undersigned counsel, hereby moves for the entry of an Order compelling defendants MTD (USA) Corporation and Interline Brands, Inc. to answer interrogatories and respond to requests for production of documents and as grounds states as follows:

1.      On December 19, 2013, Plaintiff served a set of interrogatories and requests for production of documents upon defendant MTD (USA) Corporation and a set of interrogatories and requests for production of documents upon defendant Interline Brands, Inc., to which there have been no responses.

2.      Undersigned counsel certifies that he has undertaken good faith efforts to obtain responses by conferring with defendants, through their counsel, without success.

3.      The good faith efforts to procure responses are attached hereto as emails as collective Exhibit "A."

## MEMORANDUM OF LAW

This motion is made pursuant to Rule 37(a)(1)(3)(B)(iii) and (iv) of the Federal Rules of Civil Procedure. The last reason given for not responding to discovery was a claim of difficulty gathering the information because one of the corporations is Chinese and there was a Chinese New Year. Since then, 21 days have passed and still no response – not even a request for extension of time to respond. As set forth in the complaint, defendant Interline Brands, Inc., is located in Florida and incorporated in New Jersey. Defendant MTD (USA) Corp. is also located in New Jersey; while it may be affiliated in some unclear fashion with a Chinese entity, this is not the first lawsuit these defendants have faced arising from a similar product as that as issue here. *See*, *e.g.*, *State Farm Fire & Casualty Company v. Interline Brands, Inc., MTD (USA) Corporation, and Zhejiang Dingbo Plumbing Manufacturing Co., Ltd.*, in the United States District Court in and for the Eastern District of Louisiana, Case No. 2:13-cv-5161, filed July 24, 2013. Much of the information and documents sought here are likely similar to those previously sought there. Plaintiff understands there are also several other state court cases against the same defendants involving similar claims.

While Plaintiff is sympathetic to the needs of any lawyer or party for more time to respond, and often has sought that courtesy and will give that courtesy in this case in the future, the courtesy here has been extended far enough. Given the cryptic explanations for the delay, Plaintiff is concerned that simply allowing the defendants more time will be met with more delay and that, ultimately, the responses will be a series of objections not backed by much of substance. The burden will then be on plaintiff to have those objections removed and compel better responses, an exercise that could tie up the parties and courts. Plaintiff asks that the order not allow assertion of such objections.

Any objection to an interrogatory request not stated in a timely fashion (within 30 days of the discovery request) is waived, unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(2), (4). Objections to document requests under Rule 34 must be similarly stated within 30 days to avoid waiver. *See*, *e.g.*, *SWIMC, Inc. v. Hy-Tech Thermal Solutions, LLC, et al.*, Civ. No. 08-084-SLR, June 24 , 2009) (copy attached hereto as Exhibit "B"). Plaintiff seeks a ruling that defendants not assert objections to plaintiffs first set of interrogatory and first requests for production of documents but provide full answers and responsive documents by a firm date.

WHEREFORE, Plaintiff respectfully requests that the entry of an order compelling defendants to fully answer the interrogatories and requests for production of documents by a date certain and without objections.

Respectfully submitted, this 27th of March 2014.

        Respectfully submitted,

By:     /s/ John W. Reis_____
      John W. Reis
      Tennessee Bar No. 24818
      COZEN O'CONNOR
      One Wells Fargo Center, Suite 2100
      Charlotte, North Carolina 28202
      Phone: (704) 376-3400
      Fax: (704) 334-3351
      Email: jreis@cozen.com
      COUNSEL FOR PLAINTIFF

James A. Freeman, III, Esquire
Law Offices of James Freeman
2804 Columbine Place
Nashville, TN 37204
Phone: 615-383-3787
Fax: 615-463-8083
Email: jfreeman@jafreemanlaw.com
*Co-counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all parties of record by filing it electronically with the Court through the CM/ECF system which will, in turn, serve it electronically to the following:

> Michael A. Geracioti, Esquire
> Brian Cummings, Esquire
> Linda A. Nathenson, Esquire
> LEVINE, ORR & GERACIOTI, PLLC
> P.O. Box 190683
> Nashville, TN 37219-0683
> Email: mgeracioti@levineorr.com
> Email: bcummings@levineorr.com
> Email: lnathenson@levineorr.com
> Website: www.levineorr.com
> *Attorneys for MTD (USA) Corporation and Interline Brands, Inc.*

Respectfully submitted this 27th day of March 2014.

> /s/ John W. Reis
> John W. Reis