IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BANKERS STANDARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:13-cv-1199 |
| vs. | ) ) | JURY DEMAND |
| MTD (USA) CORPORATION, et al, | ) ) | JUDGE NIXON |
| Defendants. | ) ) ) | MAGISTRATE JUDGE GRIFFIN |

_____

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY OF MTD (USA) CORPORATION AND INTERLINE BRANDS, INC.**
_____

Come now the Defendants, MTD (USA) Corporation, (hereinafter referred to as "MTD"), and Interline Brands, Inc., (hereinafter referred to as "Interline") by and through counsel, and hereby submit their Response to Plaintiff's Motion to Compel Defendants' Responses to Discovery.

Defendants concede that their responses to discovery are overdue and respectfully request a reasonable deadline for the Responses to be served upon Plaintiff. Defendants suggest a deadline of no sooner than May 15, 2014 for the submission of their Responses.

Defendants respectfully submit that the proposed May 15, 2014 deadline will not prejudice the Plaintiff in any way. The proposed deadline will not alter the current Scheduling Order.[1]

The instant matter involves an alleged defective product. Plaintiff has had the benefit of having the product tested. The Plaintiff has had the property damage and other related damages evaluated, and has produced hundreds of pages of documents/photographs related thereto. The key

___

[1] In fact, Plaintiff was recently granted an extension until July 31, 2014 to serve the third defendant. Once the third defendant is served, it is likely that discovery will be reopened.

issues remaining are the validity of the damage estimates, the actual manufacturer of the product, and whether the product was in fact defective. It appears that the Plaintiff has addressed all three of these issues other than confirming the manufacturer of the product.

Defendants seek to retain the right to object to discovery that extends outside the scope of permissible discovery under the Federal Rules of Civil Procedure, e.g., attorney client privilege, communications between consulting (but not trial) consultants, etc., Defendants will <u>not</u> be obstructionist with respect to responding to discovery.

In summary, Defendants respectfully request that they be allowed until May 15, 2014 to respond to the outstanding written discovery.[2]

Respectfully submitted,

<u>/s/Michael A. Geracioti</u>
**MICHAEL A. GERACIOTI, #11497**
**BRIAN D. CUMMINGS, #19354**
**LINDA A. NATHENSON, #16494**
Attorneys for Defendants, MTD (USA) Corporation and Interline Brands, Inc.
**LEVINE, ORR & GERACIOTI**
210 Third Avenue North
P. O. Box 190683
Nashville, Tennessee 37219
(615) 244-4944

---

[2] The Interrogatories and Requests for Production of Documents sent to both MTD and Interline are extensive and comprehensive and request information that is difficult to divine and thus, the need for a further reasonable extension of time for Defendants to respond.

## CERTIFICATE OF SERVICE

  I certify that a true and correct copy of the foregoing document was electronically filed on the 2nd day of April, 2014, with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John W. Reis | James A. Freeman, III |
| Cozen O'Connor | James A. Freeman & Associates |
| One Wells Fargo Center, Suite 2100 | 2804 Columbine Place |
| 301 South College Street | Nashville, TN 37204 |
| Charlotte, NC 28202 | jfreeman@jafreemanlaw.com |
| jreis@cozen.com | |

       /s/ Michael A. Geracioti
       **MICHAEL A. GERACIOTI**
       **BRIAN D. CUMMINGS**
       **LINDA A. NATHENSON**

bankers INTERLINE-MTD RESPONSE TO MOTION TO COMPEL 4-2-14/A0100-1633